# Daniels *v.* The State.

## *Indictment for Trespass after Warning.*

1. *Misnomer.*—A misnomer, in a criminal case, can only be taken advantage of by plea in abatement : if the defendant stands mute when arraigned, and the plea of not guilty is thereupon entered for him by the court (Code of 1876, § 4870), he can not take advantage of a misnomer disclosed by the evidence.

2. *Competency of prosecutor as witness, when entitled to fine.*—On a prosecution for trespass after warning (Code of 1876, §§ 4419–20), the prosecutor is a competent witness for the State, though entitled to the fine on conviction. (*Northcot v. The State*, 43 Ala. 330, asserting a different principle, declared overruled by statute.)

FROM the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

The defendant in this case was indicted, by the name of George Daniels, for a trespass on the premises of Sebert Jordan, "after having been warned, within six months preceding, not to do so." He stood mute when arraigned, and the court thereupon entered the plea of not guilty for him. On the trial, as appears from the bill of exceptions, the court allowed said Sebert Jordan, the owner of the premises trespassed upon, to testify as a witness for the prosecution. The defendant objected to the competency of said Jordan as a witness, on the ground of interest, and reserved an exception to the overruling of his objection. The defendant proved that his true name was George *W. Daniel*, and not

*Daniels;* and the court thereupon charged the jury, that such misnomer did not authorize an acquittal; to which charge, also, the defendant excepted.

THOS. J. SEAY, for the defendant, cited *Northcot v. The State*, 43 Ala. 330; *Humphrey v. Whitten*, 17 Ala. 30.

JOHN W. A. SANFORD, Attorney-General, for the State, cited Code of 1876, § 4870; *Hall v. The State*, 53 Ala. 634; *Edmundson v. The State*, 17 Ala. 179; *Clark v. The State*, 3 Ala. 378.

MANNING, J.—When a person under indictment is not correctly named, he must take advantage of the error by plea in abatement, and in the plea state what the true name is; for, if he does not do this, he will be conclusively holden to be the person in the indictment mentioned.—1 Bishop's Crim. Pro. § 677. He can not relieve himself from this consequence by refusing to plead at all. If, on being arraigned, he "refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him."—Code of 1876, § 4870 (4169). The appellant, in this cause, was, moreover, defended by counsel; and a bill of exceptions, made out and signed for him, is in the record; and since it contains no evidence that defendant stood mute from infirmity, it is probable he waived the right to plead misnomer, upon the advice of his counsel. Whether he did or not, he must be holden to be the person who was intended to be accused of the charge in the indictment.

2. The indictment charges that defendant trespassed upon the premises of the prosecutor, Sebert Jordan, within six months after having been warned not to do so; a statutory offense, for which the fine, not exceeding $100, is to go to the prosecutor whose premises were trespassed upon; and Jordan was allowed by the court to testify as a witness in the cause, against the objection and exception of defendant. This action of the court is assigned as error. We consider the question thus raised as settled adversely to the defendant by the case of *Hall v. The State*, 53 Ala. 634. Section 4410 of the Code of 1876 was probably intended to overturn the different decision in *Northcot v. The State* (43 Ala. 330), and abolish an exception thereby set up to the general rule.

Let the judgment of the court be affirmed.