**STEELE v. STATE.   (2 Div. 278.)**

(Court of Appeals of Alabama.   April 8, 1924.)

1. **Criminal law** &#9737;753(2)—**Court cannot direct verdict for accused, where there is any evidence tending to make case against him.**

Under the rule that an affirmative charge should not be given where material testimony

———
&#9737;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 330.

is conflicting, trial court is without authority to direct verdict, where there is any evidence tending to make case against accused.

**2. Criminal law ⊚⇒407(2) — Testimony that accused made no response to deceased's accusation held admissible.**

Testimony that accused made no response to deceased's statement that accused struck the fatal blow, but dropped his head and looked the other way, *held* relevant and admissible, under the rule that such testimony is admissible, if the statement is of such character as would naturally call for a reply, and if accused is in a situation in which he could properly respond.

**3. Homicide ⊚⇒307(3)—Charge defining manslaughter first degree held properly refused, in absence of evidence sustaining it.**

Accused's requested charge defining manslaughter in the first degree was properly refused, where there was no evidence as to manslaughter in either degree.

**4. Criminal law ⊚⇒309—In absence of proof, no presumption as to accused's character.**

In the absence of proof, there is no presumption that accused's character is either good or bad, and the jury are not authorized to assume that it is one way or the other, and allow the assumption to incline them to a conviction or acquittal.

**5. Criminal law ⊚⇒1137(3)—Error cannot be predicated on favorable charge requested by accused.**

Though a charge that defendant was presumed to have a good character until the contrary was shown did not state the law, it was favorable to accused, and, having been requested by him, error could not be predicated thereon.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Richard Steele was convicted of murder in the second degree, and appeals. Affirmed.

Charge E, refused to defendant, is as follows:

"E. The court charges the jury that manslaughter in the first degree is the wrongful killing of a human being, but without malice."

Charge A was as follows:

"A. The court charges the jury that the defendant is presumed to have a good character until the evidence shows the contrary."

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A proper predicate being laid, objection to testimony as to dying declaration was not well taken. Evans v. State, 209 Ala. 563, 96 South. 923.

BRICKEN, P. J. At the January term, 1923, of the circuit court of Dallas county, the grand jury of said county preferred an indictment against this appellant, charging him with the offense of murder in the first degree; the charge being that he unlawfully and with malice aforethought killed Frank Harris, by striking him with a weapon, a description of which is unknown to the grand jury. He was tried upon this indictment, the jury returning a verdict of guilty of murder in the second degree, and fixing his punishment at imprisonment in the penitentiary for 18 years. Judgment was pronounced and entered accordingly, from which this appeal is taken.

[1] Refused charges 1, 2, and 4 were the affirmative charge for the defendant. They were properly refused, as the testimony was in conflict and presented a jury question. A trial court is without authority to direct a verdict, where there is any evidence tending to make a case against the party who asks the affirmative charge; for the rule is that a charge of this character should never be given, where the testimony is in conflict as to material matters involved in the case. In the instant case there was testimony tending to show ill will and threats by defendant towards and against deceased, and, while no eyewitnesses as to the fatal difficulty were examined, there was testimony tending to show that the injury to deceased which caused his death was inflicted by defendant. By the dying declarations of deceased, which were properly admitted, as the predicate therefor met every requirement, it was shown that the defendant struck the fatal blow.

[2] Furthermore, state witness Gaddy gave testimony to the effect that Harris, the injured party, stated to him in the presence and hearing of the defendant that Richard Steele was the man who struck the fatal blow. This witness also testified that, when defendant was thus accused by the injured party, he said nothing. "Richard Steele didn't say a word, when Frank Harris answered my question and pointed at him. He dropped his head and looked the other way." Testimony of this character is admissible, and the well-settled rule in relation to evidence of this nature is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it. The statement made by Harris, deceased, in the immediate presence and hearing of defendant, was such as would naturally call for a response from him. But, instead of responding or making denial, the testimony shows that he did not say a word, but dropped his eyes and looked the other way. The evidence shows there was nothing in his situation, condition, or surroundings which made it improbable that he would respond to the direct accusation; he did not do so, and this evidence was therefore

relevant and admissible, and was properly submitted to the jury for consideration.

[3] Charge E, refused to defendant, was abstract, and was properly refused, as there was no testimony in the case, so far as this record shows, which would constitute manslaughter in the first degree, and'the court was under no duty to charge as to manslaughter, there being an entire absence of any proof as to manslaughter in either degree.

[4, 5] Given charge A does not state the law. In the absence of proof on the subject, the law indulges no presumption that the character of the accused is either good or bad, and the jury are not authorized to assume that it is the one or the other, and allow the assumption to incline them to a conviction or acquittal. Dryman v. State, 102 Ala. 130, 15 South. 433; Campbell v. State, 18 Ala. App. 219, and cases cited at page 221, 90 South. 43. This charge was requested by defendant and given at his instance, and, while not the law, was favorable and beneficial to defendant; therefore it follows naturally that he cannot complain, nor will error be predicated upon a ruling invoked by defendant in a criminal case, and which is beneficial to him.

The record proper is without error. No reversible error appearing in any rulings of the court, the judgment appealed from is affirmed.

Affirmed.