(133 So. 919)

## BOGGS v. STATE.

### 7 Div. 735.

Court of Appeals of Alabama.

April 14, 1931.

Knox, Dixon, Sims & Dixon, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The original prosecution in this case, was begun by affidavit and warrant in the county court, and, from a judgment of conviction in said court, an appeal was taken to the circuit court, where this appellant was tried by a jury upon a complaint filed by the solicitor in which the offense charged was in line with and based upon the charges contained in the original affidavit. In the complaint thus filed there were several alternative averments charging a violation of the prohibition law. From the judgment of conviction in the circuit court this appeal was taken.

Where an accusation, either by indictment or by complaint (as here), contains but a single count wherein several offenses are charged in the alternative, there may be proof tending to show the violation of any or all of the alternative offenses contained therein, but one conviction only can be had. It was therefore permissible to allow evidence tending to show that in the search of appellant's premises large quantities of whisky were found thereon in a sorghum patch near defendant's home and upon land in his possession and under his control. At the trial of this case the accused disclaimed all knowledge and possession of said whisky, and, in the absence of other evidence tending to show a guilty scienter, this case would properly come within the terms or provisions of the several decisions cited by counsel in brief of appellant. But here there was direct evidence that the defendant was at home, and had just sold to state witness, Wills, a quart of whisky, for which he was paid $3 and further that, when the officers who had been secreted nearby rushed in upon them at defendant's well, the witness Wills stated in the presence and hearing of ap-

pellant that he bought the whisky from Mr. Boggs, this appellant, to which statement appellant made no reply. In giving testimony in his own behalf the accused stated, "I did not hear any conversation in which it was claimed that Huston Wills told the Sheriff that he bought the liquor from me there that day." Whether he heard the inculpatory statement or not was a question for the jury under the evidence which had been adduced on this point. The rule in relation to evidence of this nature is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it. Steele v. State, 19 Ala. App. 598, 99 So. 745.

The evidence in this case presented a question of fact for the determination of the jury; the affirmative charge requested was properly refused.

The motion for a new trial was based upon grounds involving the same points of decision which arose in the main trial, each of which has herein been discussed. It was properly overruled. No error appearing, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.