34 So.2d 189

**CONNELL et al. v. STATE.**

6 Div. 462.

Court of Appeals of Alabama.

Feb. 24, 1948.

Geo. E. Trawick, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon this appeal no question is presented as to the regularity of the record upon the trial of this case. The several insistences of error are confined to the rulings of the trial court upon the admission and rejection of the evidence.

The two defendants, Thomas Connell and Charlie Johnson, were indicted, charged with the offense of robbery; that is to say, they "feloniously took twenty-two dollars, of lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Dennis Williams, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

Upon arraignment each of the defendants interposed their plea of not guilty, thus forming the issue upon which the case was to be tried.

■ The evidence offered by the State tended to make out the case in its every detail, and was ample, if believed by the jury under the required measure of proof, to support the verdict of the jury and sustain the judgment of conviction pronounced and entered from which this appeal was taken.

■ On this appeal there are numerous insistences of error. Able and earnest counsel for the defendants, urge strenuously that the trial court erred to a reversal in not permitting defendants to offer proof of a motive upon the part of the alleged injured party in testifying falsely as to the commission of the offense by the defendants. In this connection this insistence is presented in appellants' brief, viz.:

"On the trial, the defendants attempted to show a dual motive to swear falsely on the part of the prosecuting witness Williams. First defendants sought to get in evidence of the fact that during the week before the night on which Williams claimed he was robbed, the woman with whom he had been living as his wife, and who goes by his name had been out of town, visiting relatives, and during her absence Williams had been spending his money on other women, and was, at the time of the alleged robbery, faced with the task of accounting to his returning wife for the money he had spent on other women. Obviously, by claiming that he had been robbed he could do this nicely, and the defense attempted to show this set of facts as possibly influencing him to testify as he did."

By reference to the transcript of the testimony, we find the above insistence, or contention is wholly untenable. The evidence of Dennis Williams, the alleged injured party, which appears to be strongly corroborated, was to the effect, that on the night in question, these two appellants attacked him in a dark alley near his home where he was going about ten o'clock, knocked him down and inflicted many blows upon him and took his pocketbook from his left hip pocket by tearing the pocket out; that the pocketbook at that time contained twenty-two dollars. That defendant Connell ran away out of the alley, and Charlie Johnson, the other defendent, ran into his (Johnson's) house, nearby in the alley. The following examination of this witness on this subject is copied from the transcript:

"Q. When was the next time after that that you saw Charlie Johnson? A. I seen him that morning when he came to my house, that Saturday morning right around about five-thirty or six o'clock.

"Q. Who was there? A. No one but myself.

"Q. Did he knock on the door? A. Yes sir.

"Q. Did you go to the door? A. Yes sir.

"Q. Was he at the door when you got there? A. Yes sir. And he took my pocketbook and throwed it inside and went on back out.

"Q. Threw your pocketbook in the door and ran on off? A. Yes sir.

* * * * * * * * * * * *

"Q. When you got your pocketbook back did it have your money in it? A. Yes sir.

"Q. It had all the money in it that was in it the night before? A. Yes sir.

"Q. You got all your money back? A. Yes sir."

The foregoing testimony shows conclusively that Dennis Williams recovered all of his money early the next morning and finally lost nothing. This evidence refutes conclusively the fact that he was called upon by anyone to explain the loss of his money, as insisted by appellants, supra.

The further insistence of motive is likewise wholly without merit and nothing appears in the evidence to sustain it.

This case presents solely questions of fact for the jury to consider, weigh and determine, and the case was submitted to the jury by the trial court without semblance of error in any of its rulings. We refrain from a detailed discussion of each of the exceptions reserved upon the trial of this case. The trial court was patient and thoroughly fair in every way, and permitted the defendants every opportunity to present their case.

■ The motion for a new trial was based upon the evidence and the exceptions reserved to the action of the trial court. Said motion for a new trial however is not presented for consideration as no exception was reserved to the action of the court in overruling the motion.

We are of the opinion that these two appellants were accorded a fair and impartial trial such as the law contemplates and provides.

Affirmed.