35 So.2d 576

**BAGGETT v. STATE.**

**5 Div. 246.**

Court of Appeals of Alabama.
May 11, 1948.

Rehearing Denied May 25, 1948.

J. Sanford Mullins, and Richard H. Cocke, both of Alexander City, for appellant.

592

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment which charged the defendant, (appellant) with the offense of murder in the second degree, he was tried and convicted of manslaughter in the first degree and the jury fixed his punishment at imprisonment for five years. The court duly adjudged the defendant guilty of said offense and pronounced and entered judgment of conviction and in accordance with the verdict of the jury sentenced him to imprisonment for a period of five years. From said judgment this appeal was taken.

It would serve no good purpose to set out in detail an extended statement of facts, suffice it to say, it appears from the undisputed evidence that James Green, the deceased named in the indictment, was killed at the time and place shown, by having been cut with a knife and that he died within a few minutes after he was wounded.

■ The evidence for the State was ample in every respect to authorize the court to submit the case to the jury, also to support the verdict of the jury, and sustain the judgment of conviction pronounced and entered. The defendant elected to testify in his own behalf, and insisted he was not the person who inflicted the fatal blow with the knife. As stated this conflict in the evidence was for the jury to consider and determine.

There were but a few exceptions reserved to the rulings of the court upon the admission of the evidence. These exceptions have had our careful considera-

tion and we have reached the conclusion no prejudicial error appears in this connection. It is noted also that able and earnest counsel for appellant make no serious insistence that error prevailed in any of said rulings. However, in the well prepared brief for appellant it is insisted that chief contentions of the appellant are based upon the refusal of the trial court to give to the jury, at his request, certain written charges. Said charges are denominated as charges 2, 6, 7, 8 and 14.

■ Charge No. 2 reads as follows:

"The Court charges the jury that if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit him."

Ex parte Davis et al., 184 Ala. 26, 63 So. 1010, overrules the approval of this charge in Simmons v. State, 158 Ala. 8, 48 So. 606, Headnote 10, and also overrules the approval of the same charge in Walker's case, Walker v. State, 153 Ala. 31, 45 So. 640, Headnote 8. Therefore, the case of Kirkwood v. State, 3 Ala.App. 15, 57 So. 504, so far as it approves this charge also stands overruled.

■ Charge No. 6 reads as follows:

"The Court charges the jury that if any individual juror is not convinced of defendant's guilt beyond all reasonable doubt, and to a moral certainty, the jury cannot convict."

This charge was covered by the oral charge from which we quote as follows:

" * * * And that is the burden of proof that is upon the State, Gentlemen. Under the laws of our State before this jury can convict this defendant of either offense in this indictment, that is, of murder in the second degree or of manslaughter in the first degree—*each of the jury,* the *entire jury* must be convinced beyond a reasonable doubt of the defendant's guilt, or else it would be your duty to discharge the defendant." (Emphasis supplied.)

■ Charge No. 7 reads as follows:

"The Court charges the jury that if, on a consideration of all the evidence in this

case, you find the evidence so nearly balanced that the mere weight of it is on the side of the State, and not so heavy and strong as to satisfy you to a moral certainty that it is true, you cannot find defendant guilty."

This charge was held invalid in the case of Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885, and was, therefore, properly refused. In addition the correct propositions of law appearing in the charge were covered by the oral charge as follows:

"* * * There was some testimony in this case that was based on circumstances to a certain extent, that is circumstantial evidence. Some evidence is positive and direct. Some evidence—circumstantial evidence, gentlemen, is, for instance, a fact is proven by circumstantial evidence by establishing circumstances or showing certain circumstances or facts from which the principal fact is made out by the process of inferences. That is all we mean by circumstantial evidence. The State has introduced testimony in this case and asks you to infer that the defendant is guilty under this indictment of the offense charged against him. Circumstantial evidence, gentlemen of the jury, is always sufficient provided it is strong enough to convince the jury of the defendant's guilt. Circumstantial evidence is as good as any other evidence by what ever name called provided that the circumstantial evidence is *strong and cogent enough to convince* the jury beyond a reasonable doubt of the defendant's guilt. Now, gentlemen, any sort of evidence, whether it be circumstantial or positive and direct is always a matter for the consideration of the jury. You have to determine what weight you will give it. Circumstantial evidence is recognized in Alabama by law as valid in all cases, but in order to convict the defendant on circumstantial evidence, or any other evidence, that evidence must be strong enough to convince the jury beyond a reasonable doubt of the defendant's guilt. * * *"

■ Charge No. 8 is as follows:

"The Court charges the jury that unless they believe from the evidence that the defendant is guilty they should find him not guilty."

This charge was adequately covered by the oral charge, even more adequately for the defendant's benefit, in that the court told the jury that they must believe the defendant guilty beyond a reasonable doubt before they can convict him.

■ Charge No. 14 reads as follows:

"The Court charges the jury that the evidence against the defendant in this case is partly circumstantial, and his innocence must be presumed by the jury until the case is proved against him, in all its material circumstances, beyond a reasonable doubt. That to find him guilty, as charged, the evidence must be strong and cogent; and unless it is so strong and cogent as to show the defendant's guilt to a moral certainty, they must find the defendant not guilty."

This charge is likewise adequately covered by the oral charge.

The motion for a new trial was based substantially upon the same insistences presented on the main trial. Under the conflicting evidence, as stated, the case was properly submitted to the jury. The defendant was not entitled to a directed verdict. There was no error in overruling and denying defendant's motion for a new trial.

Affirmed.

## On Rehearing

Upon the application for rehearing our attention is directed to the fact we did not discuss the action of the trial court in refusing Charge No. 15, to the defendant. This was an inadvertence. We were of the impression that we had, in our opinion, discussed each and every insistence of error. Said charge reads as follows:

"The Court charges the jury that if a conviction in this case depends upon the testimony of a single witness; and if the jury have a reasonable doubt as to the truthfulness of the testimony of such witness, they cannot convict the defendant."

■ Under the evidence in this case said refused charge 15 was abstract, as it clearly appears that the conviction of the defendant was not dependent upon the evidence of a single witness. There were

several other witnesses upon whose testimony the jury could have rested its verdict of guilt. As stated in brief of the Attorney General:

"There was evidence that this defendant, before he went out of the house into the yard, was brandishing a knife and threatening to cut Snapper Flowers and that he was cursing and guilty of other acts of a hostile nature; that he was ushered out of the house by the deceased and he went out in the yard and that the deceased was out there with him. One of the witnesses testified that he heard scuffling out in the yard and soon thereafter the deceased came in the house and stated that the defendant had cut him. The defendant himself admitted that he was there at the house and that he had been drinking and shooting craps with some other guests of the deceased. All of this testimony went to the jury and was available to it in determining the guilt or innocence of the defendant. Therefore, the State's case as to the guilt of the defendant was not dependent upon the evidence of a single witness, namely, the deceased."

We are clear to the conclusion that under the evidence, the defendant was properly convicted, and that no error prejudicial to his substantial rights was committed upon the trial of this case.

Application for rehearing overruled.