39 So.2d 250

**WILSON v. STATE.**

**6 Div. 776.**

Court of Appeals of Alabama.

Dec. 14, 1948.

Rehearing Denied Jan. 11, 1949.

R. G. Redden and Young & Young, all of Vernon, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

222

CARR, Judge.

The appellant, Arthur Wilson, and Era Mae Mathis were jointly accused of living in adultery. They were tried separately, and this appeal follows the conviction of the former.

The prosecution had its inception in the county court where the appellant was charged by the name of Authur Wilson. This appeared without change in the original complaint filed in the circuit court. Over objection of the appellant the trial judge permitted the solicitor to amend the original complaint by changing the name from Authur to Arthur.

■ On appeal to the circuit court the solicitor is required by statute to file a complaint. This complaint when filed becomes the charge against the defendant. To be sure, there must not be a departure from the original affidavit. The complaint in the circuit court is amendable so as to cure any irregularities or inaccuracies. Nailer v. State, 18 Ala.App. 127, 90 So. 131.

■ The amendment here had the effect of correcting the manner of spelling the defendant's first name. Clearly, this amounted to no more than clarifying an inaccuracy, and the objection to the amendment was properly overruled.

The evidence in the State's behalf tended to show that for several months prior to the beginning of the prosecution the appellant and Era Mae Mathis were often observed riding together in an automobile. Some neighbors testified that the defendant's car had been seen parked on numerous occasions near the lady's home.

It appears that Era Mae Mathis had four children by a deceased husband. The oldest of these children was a girl fifteen years of age at the time of the trial below. This little girl testified that Mr. Wilson visited her mother at various times; that they would go away in an automobile and leave all the children at home; that on one of these trips they left on Saturday afternoon and did not return until Sunday at 7:30 a.m. The witness deposed that on two occasions she "double dated" with her mother and Mr. Wilson. We will not set out the details of what occurred on these two automobile trips as they were related by the little girl from the witness stand. Suffice it for us to observe that the circumstances disclosed were such that the jury could have inferred that the elder couple engaged in acts of sexual intercourse.

■ We will omit any further attempt to delineate the tendencies of the State's evidence. Clearly, the lower court properly denied the appellant's motion to exclude the evidence. It is apparent, also, that the defendant was not due the general affirmative charge. Hall et al. v. State, 53 Ala. 463; Brown v. State, 108 Ala. 18, 18 So. 811; Cole v. State, 17 Ala.App. 488, 86 So. 124; Bodifield v. State, 86 Ala. 67, 5 So. 559, 11 Am.St.Rep. 20.

■ No exceptions were reserved to the action of the court in overruling appellant's motion for a new trial. This question, therefore, is not properly presented for review. Arnold v. State, 33 Ala.App. 146, 30 So.2d 587; Connell v. State, 33 Ala. App. 393, 34 So.2d 189.

■ A conviction for living in adultery, as denounced by Title 14, Sec. 16, Code 1940, cannot be sustained on proof of a single or occasional act of sexual intercourse, without more. There must be evidence also from which it can be reasonably inferred that the accused parties had an actual or implied agreement to continue the relationship. Bodifield v. State, supra.

In support of this essential element of proof it was admissible for the State to prove that the couple in question was seen in the city of Columbus, Mississippi, during the time of instant concern.

The defendant having testified as a witness in his own behalf, his credibility was subject to impeachment and this attack could be made by showing his general bad character. The trial judge ruled in harmony with this doctrine. Green v. State, 238 Ala. 143, 189 So. 763; Stover v. State, 24 Ala.App. 596, 139 So. 573.

The statement in the solicitor's argument, about which complaint is made, is not pointed out with sufficient detail. Pate v. State, 32 Ala.App. 365, 26 So.2d 214; White v. White, 33 Ala.App. 403, 34 So. 2d 182.

It appears that the statement was withdrawn. In the state of the record, we do not have ample data to determine the merits of appellant's motion for a mistrial.

We come to consider the written instructions which were refused to appellant.

The following were covered by the oral charge or given written instructions: A, B, C, 11, 15, 16, 17, 23, 25 26, 29, 30, and 35. Title 7, Sec. 273, Code 1940.

Those numbered 5, 7, 10, 22, and 24 are not predicated on the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179; Nix v. State, 33 Ala.App. 603, 36 So.2d 452.

A conviction of the accused did not depend solely upon the testimony of a "single witness." Charge number 6 was therefore abstract. Baggett v. State, 33 Ala.App. 591, 35 So.2d 576; Powell v. State, 20 Ala.App. 606, 104 So. 551. This identical charge was approved in Duke v. State, 23 Ala.App. 29, 119 So. 864, and Dunn v. State, 19 Ala.App. 576, 99 So. 154. This court therein pointed out the circumstances under which the instruction should be given. These authorities do not control in the case at bar.

Charge number 8 is also abstract. There is no evidence in the record of any bias, prejudice, anger or ill will against the defendant on the part of any of the State's witnesses. Street v. State, 67 Ala. 87; Scott v. State, 15 Ala.App. 267, 73 So. 212.

Refused charges numbered 12 and 32 each have argumentative tendencies.

Charges 18 and 28 are identical. Each contains a typographical error, and their refusal is justified for this reason, if none other. Title 7, Sec. 273, Code 1940; Louisville & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699.

Number 21 is not accurately and meaningfully worded. By the use of the clause "until the case is proven against him" there is left some uncertainty as to the meaning of the charge. Of course, it is not a question of proving "the case" against the defendant. The burden was on the State to prove each essential element comprised in the offense for which the accused was charged. This and nothing more.

Refused instruction number 27 is argumentative and has a tendency to mislead the jury. It fails to take into account any circumstantial evidence which may tend to establish guilt. Salter v. State, 22 Ala. App. 86, 112 So. 538.

Charge 33 disregards any interest the defendant had in the outcome of the case. In contemplation of his interest the jury was not bound, as a matter of law, to give the same weight and credence to the testimony of the defendant as to that of other witnesses. Hughes v. State, 213 Ala. 555, 105 So. 664; McKee v. State, 82 Ala. 32, 2 So. 451; Bullington v. State, 13 Ala.App. 61, 69 So. 319.

In the absence of any proof relating thereto, the jury is not authorized to assume that the character of the accused is either good or bad. Therefore, charge 34 was properly refused. Dryman v. State, 102 Ala. 130, 15 So. 433; Campbell v. State, 18 Ala.App. 219, 90 So. 43; King v. State, 19 Ala.App. 153, 96 So. 636; Steele v. State, 19 Ala.App. 598, 99 So. 745; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692.

We have herein responded to each question presented by the record which in our view merits treatment.

It is ordered that the judgment of the circuit court be affirmed.

Affirmed.