39 So.2d 254

## WILSON v. STATE.

### 6 Div. 847.

Supreme Court of Alabama.

Feb. 24, 1949.

R. G. Redden and Young & Young, all of Vernon, for petitioner.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty Gen., opposed.

BROWN, Justice.

The prosecution in this case originated in the county court, wherein the defendant and Eva Mae Mathis, alias Eva Mae Boman, were jointly charged by affidavit with living in a state of adultery or fornication. The defendant (petitioner) was charged by the name of "Authur Wilson alias A. J. Wilson" with living "in a state of adultery or fornication" with Eva Mae Mathis alias Eva Mae Boman, a woman whose name is otherwise unknown to affiant."

When the case came on for trial in the county court the petitioner demanded a severance and proceeded to trial without objection to being charged by a name other than his true name Arthur. The trial resulted in his conviction and from the judgment in the county court he appealed to the circuit court where he filed a plea of misnomer. After demurred overruled to said plea, the solicitor was allowed to amend his complaint by charging the petitioner in his true name, "Arthur Wilson alias A. J. Wilson."

As we construe the judgment of the circuit court, the court ignored said plea and without error. Inasmuch as the defendant failed to plead the misnomer in the county court, he waived that dilatory defense. Grimes v. State, 105 Ala. 86, 17 So. 184; Miller v. State, 54 Ala. 155; Daniels v. State, 60 Ala. 56.

The other question argued here relates to a statement by the solicitor made in argument referring to the defendant as "Casanova Wilson" and in brief petitioner's counsel states: "The word 'Casanova' could only mean to the jury that here there was being tried by them a riotous rake, with no regard for the chastity of any woman, a dissolute man spending his time in the pursuit of women; a man given up completely to the enjoyment of the usufructs of gallantry."

The Court of Appeals does not undertake to state all the testimony going to show the whole extent of defendant's gallantry in dealing with women, especially his dealings with the fifteen year old daughter of his co-indictee. Webster's New International Dictionary defines "Casanova" as an "Italian adventurer" and the Court of Appeals merely observes: "The statement in the solicitor's argument, about which complaint is made, is not pointed out with sufficient detail." In the light of this learning we are content to let the judgment and conclusion of the Court of Appeals stand. The points argued are without merit.

Writ denied.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.