The defendant was charged by separate complaints and convicted in the municipal court of Auburn of municipal violations of reckless endangerment (Alabama Code Section13A-6-24 (1975)) and harassment (Section 13A-11-8 (a)(1)(b)). On appeal from municipal court he was tried by a jury for the same offenses and found guilty of the lesser included offenses of "menacing" (Section 13A-6-23) and "disorderly conduct" (Section 13A-11-7). Sentences were six months and three months, respectively, in the city jail, the sentences to run concurrently.
On appeal, the defendant challenges the sufficiency of the evidence to support each conviction and argues that the trial court's action in permitting amendment of the "harassment" complaint over objection constitutes error.
 I
After a thorough review, we are convinced that the evidence was more than sufficient to support the convictions for menacing and disorderly conduct.
At approximately 7:30 on the morning of November 4, 1981, Gregory Lotz and Kathleen Fry were "warming up" Lotz's new motorcycle in front of a fraternity house in Auburn. The motorcycle was partially blocking the sidewalk. The defendant was walking on the sidewalk and motioned for Lotz to move. Lotz asked him to "go around" because he did not want to move his motorcycle until it had "warmed up". An exchange of words followed.
Lotz, Fry and another eyewitness, William Eastis, testified that, after words were exchanged, the defendant threatened to kill Lotz, pushed him at least half a dozen times, and "slashed" at Lotz and Eastis with a pocketknife. The defendant admitted that he had decided that Lotz and Fry were "looking for trouble" and that he had his pocketknife out, but denied threatening Lotz verbally or with the pocketknife. He claimed that he "flashed" the knife at Lotz to warn him in case Lotz intended to "start something". The defendant admitted shoving Lotz twice.
The crime of "menacing" requires that the perpetrator, by physical action, intentionally place or attempt to place another person in fear of imminent serious physical injury. Section 13A-6-23 (a). Although the defendant's testimony was to the contrary, the testimony of the three other witnesses to the incident was more than sufficient to support the jury's conclusion that the defendant's actions constituted an attempt to place Lotz "in fear of imminent serious physical injury."
Lotz and Eastis further testified that the defendant repeatedly threatened Lotz, stating that if Lotz did not get out of his way he was going to "kill (his) honky ass." They further testified that each time the defendant shoved Lotz he would retort, "Go ahead and hit me so I can kill your M_____-F______ honky ass." The defendant admitted taunting Lotz in an attempt to force Lotz to hit him so that he could retaliate but denied using obscene language.
A person is guilty of "disorderly conduct", pursuant to Section 13A-11-7 (a)(3), "if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he, in a public place, uses abusive or obscene language or makes an obscene gesture." The commentary to Section 13A-11-7 states that this "abusive or obscene language" is very narrow and applies only to "fighting words". Using this narrow application of the statute, the testimony of Lotz and Eastis was sufficient to support the jury's conclusion that the defendant's abusive or obscene language constituted "fighting words" in violation of the disorderly conduct statute.
 II
The trial court allowed the prosecution to amend the complaint charging "harassment". The complaint, before amendment, did not include the "with intent to harass, annoy or alarm" language of the statute. Section 13A-11-8. The defendant moved to dismiss the complaint because *Page 167 
of this omission. The trial court agreed that the complaint was defective because of the omission, but permitted the prosecution to amend it orally before trial and in writing at the close of the evidence. These actions were objected to at trial and are cited on appeal as reversible error.
It is well settled that, on an appeal from municipal court, the circuit court may allow the prosecution to amend a defective complaint over the objection of the defendant where no new or different offense is introduced. Tatum v. State,66 Ala. 465, 467 (1880); Perry v. State, 78 Ala. 22, 24 (1884);Wilson v. State, 34 Ala. App. 219, 222, 39 So.2d 250, cert. denied, 251 Ala. 676, 39 So.2d 254 (1949); Melech v. State,42 Ala. App. 465, 466, 168 So.2d 33 (1964). Here, the amendment only added matter which was contained in the original complaint in municipal court. This rule does not apply where an indictment is concerned. Hughes v. State, 213 Ala. 555,105 So. 664 (1925); Tatum.
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED.
All Judges concur.