Roy Gayle Sisson was charged in the Jefferson County District Court, via Uniform Traffic Ticket and Complaint ["U.T.T.C."] H-0792207, with the following:
 "Driving while under the influence of alcohol-Intoxilizer 5000 — BAC.18 in violation of § 32-5A-191(a)(1) State Code." (R. 219)
He was found "guilty as charged" (R. 219), ordered to pay a fine of $300.00 plus court costs and ordered to perform 20 hours of community service. (R. 219)
Sisson appealed his conviction to the Jefferson County Circuit Court where, in a trial de novo, a jury found him "guilty of driving a vehicle while under the influence of alcohol as charged in the complaint." (R. 216, 226, 227) He was sentenced to pay a fine of $250.00 plus court costs and ordered to attend DUI school in Birmingham. (R. 216-217, 227)
Since the appellant, Sisson, does not raise the sufficiency of the evidence as an issue on appeal, recitation of the facts of the case is unnecessary.
 I
The appellant contends that the trial court erred in refusing to grant his motions to dismiss the State's original and amended complaints filed in conjunction with his trial denovo in the circuit court.
On the day of trial, June 30, 1986, the State filed its first "District Attorney's *Page 1153 
Complaint" [the "original complaint"] which charged the following:
 "Roy Gayle Sisson did drive or was in actual physical control of a vehicle while he was under the influence of alcohol, in violation of § 32-5A-191(a)(1)." (R. 220)
The appellant filed a motion to dismiss this original complaint. (R. 230-231)
A hearing was held on the motion. (R. 1-40) During the hearing, over the appellant's objection, the trial judge allowed the State to amend the original complaint. (R. 12) The amended complaint charged the following:
 "Roy Gayle Sisson did drive or was in actual physical control of a vehicle while he was under the influence of alcohol, and there was 0.18 percent by weight of alcohol in his blood, in violation of § 32-5A-191(a)(1)." (R. 221) [hereinafter the "amended complaint"]
The appellant then filed a motion to dismiss the amended complaint. (R. 13, 232). This motion was overruled. (R. 18, 40)
 A
The appellant claims that the district attorney'soriginal complaint changed the nature of the offense by adding the words "or was in actual physical control
of a vehicle . . ." (Brief of appellant p. 15) We disagree.
In Abbot v. State, this court held that a similar variation did not change "the nature of the prosecution against the appellant on appeal to the circuit court." 494 So.2d 789,791 (Ala.Crim.App. 1986). In Abbot, theU.T.T.C. charged the appellant with " 'driving while under the influence of alcohol.' " Id. "On appeal to circuit court the district attorney's complaint charged that the appellant 'did on or about November 13, 1983 . . . drive or was in actual physical control of a vehicle while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975. . . .' " Id. See also Jones v. State,513 So.2d 50 (Ala.Crim.App. 1986), writ granted, No. 86-268 (Jan. 28, 1987) (Dismissal of circuit court complaint not required where U.T.T.C. charged that appellant "did unlawfully operate a motor vehicle . . ." and circuit court complaint charged that he "did . . . operate or was in actual physical control of a motor vehicle . . ."); Davis v. State,505 So.2d 1303 (Ala.Crim.App. 1987) (noting, "[i]t appears that, in this State the term 'driving' is used interchangeably with 'operating' ".)
We hold, therefore, that the use of the "actual physical control language" in the district attorney's complaint did not constitute a "change in the nature of the prosecution against the appellant on appeal to the circuit court." Abbot, supra. The trial judge properly refused to dismiss the complaint on that basis.
The appellant also contends, however, that the trial judge committed reversible error in failing to grant his motion to dismiss the original complaint on the grounds that it charged the appellant with a different offense than that charged in the U.T.T.C. He argues that the U.T.T.C. charged him with a violation of § 32-5A-191(a)(1), and the original complaint charged him with a violation of §32-5A-191(a)(2).
We agree with the appellant that the original complaint charged him with a violation of § 32-5A-191(a)(2), however, it did not charge him with a different offense than that charged in the U.T.T.C. The original complaint was supported by the U.T.T.C., therefore, the trial judge did not commit reversible error in failing to grant the appellant's motion to dismiss the original complaint.
It is clear that a district attorney's complaint filed pursuant to § 12-22-113, Code of Alabama 1975 ("De novo trial in circuit court") "must have for its basis a valid foundation and must rest upon a charge supported by affidavit."Horn v. State, 22 Ala. App. 459, 460, 461, 117 So. 283
(1928).
Where a complaint filed by a district attorney is acomplete departure from the charge included in the affidavit, the defendant's motion to strike the complaint should be granted. Ray v. State, 28 Ala. App. 373,184 So. 480 (1938). And where a new and separate
offense is included in the complaint on appeal, such new charges should *Page 1154 
be stricken on motion of defendant. Echols v. State,16 Ala. App. 138, 75 So. 814 (1917).
The original complaint charged the appellant with driving (or being in actual physical control) of a vehicle while underthe influence of alcohol. The "under the influence of alcohol" language was taken from the U.T.T.C. We hold, therefore, that the original complaint did not charge the appellant with a different offense than that charged in the U.T.T.C.
In construing the original complaint as charging a violation of § 32-5A-191(a)(2), we note that the merecitation of § 32-5A-191(a)(1) in the original complaint is insufficient to charge that particular offense in the absence of language specifying the "conduct sought to be condemned" by it. See Ex Parte Hightower,443 So.2d 1272 (Ala. 1983) ("indictment must specify conduct sought to be condemned. . . ."); Griffin v. State, 428 So.2d 213
(Ala.Crim.App. 1983) ("[a] reference to a statutory source in an indictment is a 'matter of convenience and not of substance.' "); Bice v. State, 472 So.2d 440
(Ala.Crim.App. 1985) ("reference to [an] erroneous code section will be treated as mere surplusage"). Cf. Rule 15.2(b), A.Temp.R.Crim.P.; Corum v. City of Huntsville,491 So.2d 1091 (Ala.Crim.App. 1986) (citing Ex ParteHightower, supra, for the proposition that mere inclusion of the applicable code section is insufficient notice of violation of any "provable part" of the statutory provision).
The appellant does not directly challenge the validity of the U.T.T.C. itself on appeal. See Ex Parte City ofDothan, 501 So.2d 1136 (Ala. 1986) (where U.T.T.C. "is not verified and the defendant does not object to this defect before trial, then the objection to the court's personal jurisdiction of the defendant has been waived"); Nailer v.State, 18 Ala. App. 127, 90 So. 131 (1921) (where, on appeal to the circuit court for trial de novo, the district attorney files a complaint, the plea or demurrer of defendant is to such complaint and not to original affidavit). It is obvious, however, that the confusion which existed with respect to the State's charges against the appellant was due, at least in part, to the description of the offense as it appeared in the U.T.T.C. In the portion of the U.T.T.C. of the type used to charge this appellant, where the "Description of the Offense" is given, the following appears:
". . .
 "(3) Driving without first obtaining a driver's license
"Driving while under the influence of
"(4) Alcohol Test Type ___ BAC ___
"(5) Controlled Substances. . . ." (R. 219)
When this particular form of the U.T.T.C. is used to charge a violation of § 32-5A-191, it is unclear whether the defendant is being charged with subsection (a)(1) or (a)(2) of the statute where the arresting officer determines the defendant's blood alcohol content to be .10 percent or above and notes it on the U.T.T.C.
We note that the discrepancy between the statute and the U.T.T.C. was remedied when the U.T.T.C. form was changed to read as follows:
". . .
 "(3) Driving without first obtaining a driver's license
 "Did drive or was in actual physical control of a vehicle while:
 "(4) There was .10% or more by weight of alcohol in his blood. BAC ___
"(4) Under the influence of alcohol
 "(5) Under the influence of controlled substances . . ."
Rule 19, A.R.Jud.Adm., as amended October 28, 1985, effective January 1, 1986. See Corum, supra at 1093; Gandyv. City of Birmingham, 478 So.2d 11 (Ala.Crim.App. 1985) ("use of U.T.T.C. is required of all law enforcement agenciesand courts of this state").
The appellant was charged via the "old" U.T.T.C. on February 1, 1986 (R. 219), after the effective date of the amendment to Rule 19. While we note that the Jefferson County Sheriff's Department Officer who filled out the U.T.T.C. in this case should have used the new form, we still consider it sufficient to support the complaint filed in circuit court. SeeJones, supra ("Criminal charges brought by affidavit *Page 1155 
and warrant are 'in a large measure informal' "). The U.T.T.C. which formed the basis of the charge against this appellant sufficiently stated the offense and adequately advised the appellant of the charge against him. See Gardner v.State, 468 So.2d 265 (Fla.Dist.Ct.App. 1985) (U.T.T.C. which charged appellant with "Driving under the influence of alcoholic beverages, narcotic drugs, barbiturates, or stimulants" adequately informed the appellant of the charges against him). Layman v. State, 455 So.2d 607
(Fla.Dist.Ct.App. 1984) (U.T.T.C., which alleged a violation of § 316.193 without specifying which subsection had been violated, was sufficient to charge a violation of the statute in either of two ways if it could be violated). Cf.Corum, supra (U.T.T.C. held void and fatally defective where officer failed to circle any number indicating the offense even though notations "test type 2" and "BAC .216%" were included beside offense of driving while under the influence of alcohol); Smith v. State, 435 So.2d 158
(Ala.Crim.App. 1983) (information held void where it charged "driving under the influence" but did not specify what defendant was driving under the influence of).
 B
The appellant also contends that the trial judge erred in denying his motion to dismiss the amended complaint. He argues that the amendment, which added the words: "and there was 0.18 percent by weight of alcohol in his blood", added a different charge without his consent in violation of Rule 15.5(a), A.Temp.R.Crim.P. and made the complaint duplications.
The appellant cites Ex Parte Wallace, 497 So.2d 96
(Ala. 1986), in support of his contentions. In Wallace
the Supreme Court held that the trial court erred in allowing the prosecution to amend the information twice over the appellant's objection in violation of Rule 15.5(a), A.Temp.R.Crim.P. The appellant was initially charged in two separate warrants with criminal mischief in the second degree and assault in the third degree. He was convicted on these charges in municipal court and appealed to the circuit court, where he was again convicted.
In the circuit court the trial judge allowed the prosecutor to amend the information, which originally charged the appellant with "assault", to charge "criminal mischief". The court also allowed an amendment changing the date on which the offense was committed. The court reversed, stating:
 "Rule 15.5(a), Alabama Temporary Rules of Criminal Procedure, provides:
 " '(a) Amendment of Charge. A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment.'
 "In this case, the court allowed the prosecutor to amend the information twice; once, to change the offense and again to change the date the offense was committed. The court allowed the amendments over the defendant's objection. The trial court erred. . . ."
Wallace, supra at 99.
In Mosley v. City of Auburn, 428 So.2d 165
(Ala.Crim.App. 1982), this court held that the circuit court, on appeal from the municipal court, properly allowed the prosecution to amend a complaint charging "harassment" to include the "with intent to harass, annoy or alarm" language of the statute. We stated:
 "It is well settled that, on an appeal from municipal court, the circuit court may allow the prosecution to amend a defective complaint over the objection of the defendant where no new or different offense is introduced. Tatum v. State, 66 Ala. 465, 467 (1880); Perry v. State, 78 Ala. 22, 24 (1884); Wilson v. State, 34 Ala. App. 219, 222, 39 So.2d 250, cert. denied, 251 Ala. 676, 39 So.2d 254 (1949); Melech v. State, 42 Ala. App. 465, 466, 168 So.2d 33 (1964). Here, the amendment only added matter which was contained in the original complaint in municipal court. This rule does not apply where an indictment is concerned. Hughes v. State, 213 Ala. 555, 105 So. 664 (1925); Tatum" *Page 1156 
Id. at 167. See also Simpson v. State,111 Ala. 6, 20 So. 572 (1896) (complaint may be amended provided the amendment does not "make a new prosecution"); §12-22-113, Code of Alabama 1975.
The appellant contends that the Mosley rule "has been abandoned by the supreme court in its promulgation of Rule 15.5(a), A.Temp.R.Crim.P." and should, therefore, be overruled by this court (Reply Brief of appellant p. 2-3). He argues that Rule 15.5(a) "prohibits amendment without the consent of the defense on any basis. . . ." (Reply Brief of appellant p. 2). We have recently held, however, "that the amendment of an indictment as to an immaterial matter is harmless error." Edwards v. State, 480 So.2d 1259,1264 (Ala.Crim.App.), cert. denied, 480 So.2d 1264 (Ala. 1985). It is also clear that, before an appellant's cause may be reversed for a violation of Rule 15.5(a), he "must show that such amendment was prejudicial to his substantial rights."Styles v. State, 474 So.2d 185 (Ala.Crim.App. 1985);Talley v. City of Clanton, 495 So.2d 1165, 1166
(Ala.Crim.App. 1986).
The conflict which exists between the Mosley rule and Rule 15.5(a) stems from their differing interpretations of the phrase "new or different offense." In Mosley, the phrase is construed as referring to a new or different offense which is not contained in the original complaint filed inmunicipal court.
This interpretation, in effect, assumes the validity of the initial, lower court complaint and treats the circuit court complaint as valid as long as it is consistent with the original complaint filed in the lower court.
Wallace (and Rule 15.5(a)), on the other hand, treat the lower court's complaint as independent of that filed in circuit court, and apply the general rule regarding amendment regardless of whether or not the "new offense" was charged in the lower court. Based on the fact that the function of the affidavit or lower court complaint is largely a jurisdictional one in the case of a trial de novo in circuit court, see Ex Parte City of Dothan, supra; Nailer, supra, we agree with the appellant.
We hold, therefore, that to the extent that Mosley
would allow the amendment of a circuit court complaint on trialde novo to include a "new or different offense" simply because the "new or different offense" appeared in the lower court complaint, the same is hereby limited and modified.
When Rule 15.5(a), Edwards, supra, Mosley, supra (as limited above) are read together they are not inconsistent.
 C
We must now determine whether the addition of the phrase "and there was 0.18 percent by weight of alcohol in his blood" changed the offense as charged in the original complaint or added a new or different offense in violation of the rules cited above.
It is quite clear from the record that the phrase was added in an attempt to charge the appellant with a violation of §32-5A-191(a)(1). (R. 2-40)
The applicable portion of § 32-5A-191, Code of Alabama 1975, as amended [the "D.U.I." statute] reads as follows:
 "§ 32-5A-191. Driving while under influence of alcohol, controlled substances, etc.
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol;
 "(3) Under the influence of a controlled substance to a degree which renders him incapable of safely driving;
 "(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him incapable of safely driving; or
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving.
". . . ."
There are no Alabama cases which have dealt specifically with the question or issue of whether subsections (a)(1) and (a)(2) of *Page 1157 
the D.U.I. statute are to be construed as separate and distinct offenses. It has been held, however, that, where the complaint charges a defendant with a violation of subsection (a)(1), the trial judge is not required to instruct the jury on the other grounds enumerated in the statute. Boyd v. City ofMontgomery, 472 So.2d 694 (Ala.Crim.App. 1985).
In Smith v. State, 470 So.2d 1365 (Ala.Crim.App. 1985), this court held that, where the defendant is charged with a violation of subsection (a)(1), proof that he was incapable of safely driving his vehicle was not required for conviction.
Two of our sister states, which have adopted similar D.U.I. statutes, have addressed this issue.[1] In Peters v.State, 175 Ga. App. 463, 333 S.E.2d 436 (Ga.Ct.App. 1985), the appellant was charged with "driving or being in actual physical control of a moving vehicle 'while under the influence of alcohol or drugs or while there was 0.12 percent or more by weight of alcohol in his blood in violation of OCGA § 40-6-391.' " 333 S.E.2d at 437. The court noted that the accusation was duplicitous, but affirmed the case based on,inter alia, the appellant's failure to raise the issue. The court stated:
 "Impaired driving ability is not an element necessary to constitute the crime established in subsection (a)(4). Lester v. State, 253 Ga. 235(2), 320 S.E.2d 142 (1984). Therefore, proof of 0.12 percent blood-alcohol content would itself support a verdict if a driver was charged with violating OCGA § 40-6-391(a)(4), but if the charge was violation of subsection (a)(1), the 0.12 percent content would merely be proof that the person was under the influence of alcohol and the State would additionally have to prove that the driver's ingestion of alcohol rendered him incapable of safely driving.
 "Before the addition of subsection (a)(4) in 1983, the code section described one crime which could be committed by three different ingestions. See Vann v. State, 153 Ga. App. 710(2), 266 S.E.2d 349 (1980). The crime was driving (or being in actual physical control of) a motor vehicle when one's ability to safely drive was impaired by the influence of certain substances. The offending substances were alcohol and any drug, acting either alone or together. As recognized in Vann v. State, supra, the statute contained several disjunctive ways or methods that the crime could be committed, and proof of any one would be sufficient to constitute the crime where the accusation was phrased conjunctively. See Leverenz v. State, 140 Ga. App. 632(1), 231 S.E.2d 513
(1976).
". . .
 "[A]lthough the two crimes are listed in one code section, the differing elements make them different crimes albeit all targeted at a person's condition while driving. Just because they are contained as a matter of organizational format in one code section does not make them one crime.
 "Berry v. State, 124 Ga. 825, 826, 53 S.E. 316 (1906), involves a consideration of *Page 1158 
duplicity and the court recognized that the one section of the Penal Code in issue there 'embraces two offenses.' Thus, whether the section describes one or more crimes is a matter of substance and not form. Here the crime is not driving or being in control, or even driving under the influence, but doing so only in one of four conditions — under one of three influences or
with a certain percentage of blood-alcohol content. As the court said in Lester v. State, supra 253 Ga. at 237, 320 S.E.2d 142: 'Subsection (a)(4) defines a specific act, driving while having a blood-alcohol count of at least .12%, as criminal.'
 "In this case, appellant was charged with two offenses in one count. The crime of driving under the influence of alcohol or drugs rendering the driver incapable of safely driving and the crime of driving with 0.12 percent blood-alcohol content were both charged in Count I in the alternative.
". . .
 "An accusation is duplicitous if it joins 'separate and distinct offenses in one and the same count.' Black's Law Dictionary 452 (5th ed. 1979). 'Duplicity' is '[t]he technical fault in . . . pleading of uniting . . . two or more offenses in the same count of an indictment. . . .' Id. Appellant could have demurred. See Williams v. State, 60 Ga. 88(2) (1878). See generally OCGA § 17-7-111; 7 EGL Criminal Procedure, §§ 40, 42 (1976 Rev.) The accusation was couched disjunctively and not conjunctively by the use of 'or' instead of 'and'. See Vann v. State, supra.
". . .
 "Appellant did not demur and does not now complain of the duplicity here.
". . .
"Duplicity is what has occurred here. . . ."
333 S.E.2d at 437-438 (emphasis added).
In Atkins v. State, 175 Ga. App. 470, 333 S.E.2d 441
(Ga.Ct.App. 1985), the appellant was charged with "driving under the influence." The court held that the trial court's instruction to the jury on the violation of § 40-6-391(a)(4) was harmless error where the appellant did not demur to the accusation and there was uncontradicted evidence of a violation of that subsection. The court stated:
 "The confusion arising from this case originates in the accusation which charged appellant with 'driving under the influence,' that is, violating OCGA § 40-6-391(a)(1), (a)(2), or (a)(3). This crime is driving or being in actual physical control of a moving vehicle while one's ability to drive safely is impaired by the influence of certain substances. The offending substances are alcohol and any drug, acting alone or together. See Peters v. State, 175 Ga. App. 463, 333 S.E.2d 436 (1985). Under the opinions in Lester v. State, 253 Ga. 235, 320 S.E.2d 142 (1984), and Peters v. State supra, it is clear that OCGA § 40-6-391(a)(4) sets forth a separate crime, driving or being in actual physical control of a moving vehicle while having a blood-alcohol content of .12% or more. This is a completed act. There is no necessity for a showing of impaired driving ability. Since the crime defined in subsections (a)(1), (a)(2), and (a)(3) requires somewhat different proof than the one established in subsection (a)(4), more specificity is needed in drawing the accusation and the trial court's charge to the jury should reflect the offense charged. For example, a person is arrested for driving under the influence of alcohol and the intoximeter test shows .16% blood-alcohol content. If the solicitor charges the driver with violating OCGA § 40-6-391(a)(1), evidence of the ingestion of alcohol and the driver's impaired driving ability must be shown. The trial court's instructions to the jury must reflect this by including a charge on that impaired driving ability (incapable of driving safely or less safe driver). The presumptions provided in OCGA § 40-6-392(b)(1, 2, 3) also come into play under an accusation charging a violation of OCGA § 40-6-391(a)(1). . However, § 40-6-392(b)(4) is inapplicable to the offense of driving under the influence, so this should not be charged. *Page 1159 
 "Conversely, the same driver (blood-alcohol content .16%) may be charged instead with violating OCGA § 40-6-39(a)(4), driving with a blood-alcohol content of .12% or higher. The State must then prove the fact of the driver's blood-alcohol content to have been .12% or higher, and, of course, as in OCGA § 40-6-391(a)(1), that he was driving or in actual control of a moving vehicle. The trial court need not instruct the jury on the presumptions provided in OCGA § 40-6-392(b)(1, 2, 3) which guide the jury in determining if the driver was 'under the influence.' Being 'under the influence' of alcohol is simply not a part of the crime set forth in OCGA § 40-6-39(a)(4). Instead, the trial court may instruct the jury employing the language of OCGA § 40-6-392(b)(4): 'If there was at that time .12% or more of weight of alcohol in the person's blood, the person shall be in violation of paragraph (4) of subsection (a) of Code Section 40-6-391.' In other words, a showing of 'point-twelve driving' is a per se violation of OCGA § 40-6-391(a)(4)."
333 S.E.2d at 443-444.
In State v. Henson, 443 So.2d 507 (Fla.Dist.Ct.App. 1984), the court upheld a circuit court ruling "that the State must charge violations of Sections 316.193(1)(a) and (b), Florida Statutes (1982) in separate counts of an information rather than combining allegations as to (a) and (b), as alternative theories of prosecution in a single count." Cf.Gardner, Layman, supra.
Based on the foregoing authority, and in light of our decisions in Boyd and Smith, 470 So.2d 1365
supra, we conclude that subsections (a)(1) and (a)(2) of the D.U.I. Statute are separate and distinct offenses.
Therefore, in allowing the State to amend the original complaint to include a violation of subsection (a)(1), supra, the trial judge permitted the addition of a different offense in violation of the rules as herein set out in Mosley, supra (as limited), Edwards, supra, and Rule 15.5(a), A.Temp.R.Crim.P.
The judgment of the trial court is, therefore, due to be reversed and the cause be remanded for a new trial. Wallacev. City of Dothan, 497 So.2d 99 (Ala.Crim.App. 1986).
Because of our holding as herein noted, we pretermit consideration of other issues set out in brief.
REVERSED AND REMANDED.
All the Judges concur.
BOWEN, P.J., concurs in result only.
[1] Georgia's D.U.I. statute provides, in pertinent part:
 "40-6-391. (See delayed effective date note) Driving under the influence of alcohol or drugs; penalties for first and subsequent offenses.
 "(a) A person shall not drive or be in actual physical control of any moving vehicle while:
"(1) Under the influence of alcohol;
 "(2) Under the influence of any drug to a degree which renders him incapable of driving safely;
 "(3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely; or
 "(4) There is 0.12 percent or more by weight of alcohol in his blood.
". . . ."
"Florida's D.U.I. statute provides, in pertinent part:
"316.193. Driving under the influence: penalties
 "(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
 "(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired; or
 "(b) The person has a blood alcohol level of 0.10 percent or higher.
". . . ."