328 So.2d 624

**Ralph WORKS, alias**

v.

**STATE.**

**7 Div. 400.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Rehearing Denied Feb. 17, 1976.

William D. Hudson, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Ellis D. Hanan, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Appellant was indicted under Title 14, § 30, Code of Alabama 1940, for threatening to burn the house of Helen Bailey. He entered a guilty plea and was sentenced to a term of two years imprisonment, to run concurrently with a sentence in another case, and was given credit for time spent in jail awaiting trial.

I

The appellant contends that Title 14, § 30, encompasses rights protected by the First Amendment to the Constitution of the United States and, therefore, is invalid. He likewise contends that a threat to commit a crime cannot constitute a crime and that the conduct prohibited by § 30, supra, must constitute a clear and present danger in order to be considered outside the constitutionally protected area of the First Amendment.

We have reviewed the cases cited in brief by appellant and do not find them to be controlling in the case here before us.

A classic example of where a threat constitutes a criminal offense is in the case of a threat against the life of the President of the United States, 18 U.S.C. § 871(a). The United States Court of Appeals for the District of Columbia, in short order, disposed of an appellant's contention that prosecution for making such a threat violated the appellant's first amendment right of free speech. That decision was rendered by Chief Justice Warren E. Burger, then Circuit Judge, in *Watts v. United States*, 131 U.S.App.D.C. 125, 402 F.2d 676 (1968). Also see: *Roy v. United States*, 416 F.2d 874 (9th Cir. 1969).

The United States Supreme Court reversed the holding in *Watts* in 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664, on the ground that the words used by the appellant there did not constitute a threat, they being made in a discussion concerning the military draft which in pertinent part was as follows:

" '. . . If they ever make me carry a rifle the first man I want to get in my sights is L. B. J. . . .' "

The Supreme Court went on to state, however, that the statute was constitutional on its face. The Court further stated:

". . . Nevertheless, a statute such as this one, which makes criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind. What is a threat must be distinguished from what is constitutionally protected speech."

 While the statute in the instant case does not have a compelling national interest supporting it, nevertheless the principle is the same. Whether the threat be against the life of a president, or to burn the house of an ordinary citizen, the protection of the First Amendment does not extend to such conduct. The United States Supreme Court in *Watts,* supra, likewise covered the argument concerning willfulness.

 The appellant contends that as a general rule, a threat to commit a crime is not a criminal offense. This is true, absent a specific statute making a threat an offense, as is the case here. Our Legislature has not enacted a general "threat" statute as it has in the case of "attempts" (Title 14, § 42), however, it has passed numerous specific statutes making threats illegal under certain circumstances.

One such instance universally recognized as being a valid constitutional exercise of legislative authority, is found in statutes making blackmail a criminal offense. The essence of the offense of blackmail is the *threat.* Title 14, §§ 49 and 50. See also sections dealing with: sending threatening letters, Title 14, §§ 12 and 13; threatening to destroy property, Title 14, § 115(1); threats to use a deadly weapon on another, Title 14, § 36; use of threats to prevent a person from engaging in a lawful occupation, Title 14, § 57; and threatening telephone calls, Act No. 587, Acts of Alabama 1963, p. 1284, approved September 16, 1963,

(Title 48, § 417(3), Code Recompiled, 1973 Cumulative Supplement). Also see: 58 A.L.R.3d 522–537 as to terroristic threats.

## II

 The record affirmatively shows a full and complete colloquy between the court and the appellant which we find to be in complete compliance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L. Ed.2d 747 (1970).

Affirmed.

All the Judges concur.