BLOODWORTH, Justice.
Petition of James Skelton for certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that court in Skelton v. City of Birmingham, Ala.Cr.App., 342 So.2d 933 [1976].
Upon a consideration of the facts set out in the Court of Criminal Appeals’ decision, we are of the opinion that the judgment of that court should be corrected to read “REVERSED AND RENDERED” instead of “REVERSED AND REMANDED.”
This case was fully briefed in the Court of Criminal Appeals. No purpose would be served by requiring the parties to submit briefs again. Thus, the provisions of all applicable rules, specifically Rule 39(f) and (g), ARAP (permitting briefs to be filed and oral argument to be had' after petitions for writs of certiorari are granted), are suspended under the provisions of Rule 2(b), ARAP. Pendleton v. State, 295 Ala. 327, 329 So.2d 144 (1976).
The petition for the writ of certiorari is granted and this cause remanded to the Court of Criminal Appeals so that it may conform its judgment to this opinion. In re Gentry (Ex parte Charles Herbert Gentry), Ala., 333 So.2d 157 (1976); Pendleton v. State, supra.
WRIT GRANTED.
RULES SUSPENDED.
CAUSE REMANDED TO COURT OF CRIMINAL APPEALS TO CORRECT JUDGMENT.
HEFLIN, C. J., and JONES, ALMON and EMBRY, JJ., concur.