The appellant, Willie James Robinson, was convicted of the unlawful possession of cocaine, and he was sentenced to 10 years' imprisonment as a habitual offender.
On November 2, 1989, Police Officer Corporal R. Lewis was on routine patrol in *Page 113 
Montgomery, Alabama. As Officer Lewis was passing the intersection of Duncan Drive and Goode Street, he saw the appellant. At that time, Officer Lewis heard the appellant yell, "Fuck R. Lewis." Officer Lewis arrested the appellant for harassment. The appellant was taken to the city jail where he was turned over to jail officials. As the appellant was being processed, he was searched and cocaine was found on his person.
On March 6, 1990, the trial court entered the following order on the docket sheet:
 "Willie Lewis [sic] Robinson has filed a motion to suppress the seizure of illegal drugs from his person because he contends that the seizure was tainted by an illegal arrest.
 "The Court finds that although the language directed by Robinson to Corporal Lewis may not support the conviction for harassment (Ala. Code § 13A-11-8), it did provide probable cause for Robinson's arrest for violation of § 13A-11-8. Therefore, the search of Lewis's [sic] person and the seizure of illegal drugs is not tainted by an illegal arrest. Ordered, the motion to suppress is denied."
The appellant argues that the trial court improperly found that his arrest for harassment was legal and that the subsequent seizure of the cocaine was proper. Harassment is a Class C misdemeanor. Ala. Code 1975, § 13A-11-8(a)(2).
Section 15-10-3(a)(1), Ala. Code 1975, provides: "An officer may arrest any person without a warrant, on any day and at any time for: Any public offense committed or breach of the peace threatened in his presence." "[F]or an officer to arrest a person without a warrant for the commission of a misdemeanor, the violation of a city ordinance, or a threatened breach of the peace, the infraction must have been committed in the presence of the officer." State v. Phillips, 517 So.2d 648, 651
(Ala.Crim.App. 1987). However, a person may be arrested without a warrant for the commission of a misdemeanor 1) when the officer "has actual knowledge that a warrant for the person's arrest for the commission of a felony or misdemeanor has been issued" (§ 15-10-3(a)(6)); 2) when the officer "has reasonable cause to believe that a felony or misdemeanor has been committed by the person arrested in violation of a protection order issued by a court of competent jurisdiction" (§ 15-10-3(a)(7)); or 3) "[w]henever an offense involves family violence" (§ 15-10-3(a)(8). Since none of the circumstances enumerated above are applicable in this case, the appellant's arrest is legal only if the offense was committed in the officer's presence.
"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he: . . . b. Directsabusive or obscene language or makes an obscene gesture towards another person." Ala. Code 1975, § 13A-11-8(a)(1) (emphasis added). The words emphasized above are identical to those used in Section 13A-11-7(a)(3), Ala. Code 1975. See Shinault v. Cityof Huntsville, 579 So.2d 696 (Ala.Crim.App. 1991) (Bowen, J., dissenting). This statute provides: "A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . 3) In a public place uses abusive orobscene language or makes an obscene gesture." Ala. Code 1975 §13A-11-7(a)(3) (emphasis added). With reference to the disorderly conduct statute, the words "abusive or obscene language" and "obscene gesture" have been "interpreted narrowly to apply only to 'fighting words.' " Swann v. City ofHuntsville, 455 So.2d 944, 950 (Ala.Crim.App. 1984). See alsoMosley v. City of Auburn, 428 So.2d 165 (Ala.Crim.App. 1982),superseded on other grounds, Mason v. City of Vestavia Hills,518 So.2d 221 (Ala.Crim.App. 1987). "Fighting words" are "those words which have a likelihood of causing a violent response by the person to whom they are addressed. They are words that by their very utterance provoke a swift physical retaliation and incite an immediate breach of the peace."Skelton v. City of Birmingham, 342 So.2d 933, 936-37
(Ala.Crim.App.), remanded, 342 So.2d 937 (Ala. 1976). See alsoSwann. The words used by the alleged offender must " 'be calculated to cause an immediate breach of the peace. It is notenough . . . they merely arouse *Page 114 anger or resentment.' " Swann, 455 So.2d at 950 (quotingSkelton, 342 So.2d at 937) (emphasis in original). Here, the language used by the appellant did not amount to "fighting words." There is no evidence that the statement made by the appellant was for the purpose of provoking physical retaliation or causing an immediate breach of the peace.
 "Unfortunately, epithets . . . directed at a police officer in the performance of his duties are not uncommon in today's law enforcement environment. The fact that an officer encounters such vulgarities with some frequency, and the fact that his training enables him to diffuse a potentially volatile situation without physical retaliation, however, means that words which might provoke a violent response from the average person do not, when addressed to a police officer, amount to 'fighting words.' "
Shinault, 579 So.2d at 700 (Bowen, J., dissenting.)
Thus, because the appellant's language did not constitute "fighting words," he could not have committed the charged crime of harassment. Because no offense was committed, there was no offense committed in the officer's presence and the appellant's arrest was therefore unlawful. Phillips, 517 So.2d at 652. "The Constitution of the United States, as interpreted by the Supreme Court, compels a holding that evidence seized as a result of an unlawful arrest in inadmissible. Wong Sun v.United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441
(1963)." Phillips, 517 So.2d at 652. The cocaine seized in this case was found as a result of an unlawful arrest and, therefore, was due to be suppressed. The trial court erred by denying the appellant's motion to suppress. The judgment of the trial court is reversed and a judgment in the appellant's favor is rendered.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.