BOWEN, Judge.
Fourteen-year-old L.M.A.W. was adjudicated a delinquent by the Juvenile Court of Franklin County based on a petition charging disorderly conduct. She was committed to the Department of Youth Services “HIT” program. That commitment was suspended and the appellant was placed in the Florence, Alabama “Attention Home,” was fined $50.00, and was ordered to pay court costs and attorneys fees. On appeal, the appellant claims that her conduct did not constitute disorderly conduct as that offense is defined in Ala.Code 1975, § 13A-11-7. We agree.
On March 10, 1992, the appellant and her parents met with Mike Graham, the principal of Phil Campbell High School so that Mr. Graham could inform the appellant that she had been expelled from school. Phil Campbell Police Chief J.R. Holt was also present. Chief Holt testified that after the appellant was told of her expulsion, she left the principal’s office and walked down the hall towards the outer door by the office. The appellant looked at Chief Holt, who was about 20 feet behind her, jerked open the outer door, said “I don’t *498 need this fuckin’ school anyway,” and violently slammed the door behind her. R. 16.
At the time, classes were in session and there were no students or teachers in the hallway. Chief Holt was the only person who heard the appellant’s remark.
“A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
“(3) In a public place uses abusive or obscene language or makes an obscene gesture.”
Ala.Code 1975, § 13A-ll-7(a)(3) (emphasis added). The “abusive or obscene language” provision of the disorderly conduct statute “is very narrow and applies only to ‘fighting words.’” Mosley v. City of Auburn, 428 So.2d 165, 166 (Ala.Cr.App.1982), superseded by court rule on other grounds, as noted in Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Cr.App.1987).
“This Court has defined ‘fighting words’, in light of the United States Supreme Court decisions in Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), and Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), as follows:
“ ‘[T]hey are those words which have a likelihood of causing a violent response by the person to whom they are addressed. They are words that by their very utterance provoke a swift physical retaliation and incite an immediate breach of the peace.’
“Skelton v. City of Birmingham, 342 So.2d 933, 936-37 (Ala.Cr.App.), remanded, 342 So.2d 937 (Ala.1976).
[[Image here]]
“As we observed in Skelton, construing a similar Code provision:
“ ‘[T]he statute requires that the words be calculated to cause an immediate breach of the peace. It is not enough ... they merely arouse anger and resentment.’
342 So.2d at 937 (emphasis added).”
Swann v. City of Huntsville, 455 So.2d 944, 950 (Ala.Cr.App.1984). Cf. Robinson v. State, [Ms. CR 90-1658, September 30, 1992], 1992 WL 241148 (Ala.Cr.App.1992) (not harassment to say “Fuck Officer So- and-so”); Shinault v. City of Huntsville, 579 So.2d 696, 699-700 (Ala.Cr.App.1991) (accused who called arresting officer a “son of a bitch” not guilty of harassment) (Bowen, J., concurring).
“In Swann, we observed that the accused’s use of profanity to the arresting officer ‘may have aroused the anger and resentment’ of the officer, but it was not ‘calculated to provoke physical retaliation, especially in view of the probable training received by the officer in dealing with similar situations.’ ” Id. at 700.
Here, Chief Holt testified that he was “shocked,” but “not intimidated” by the appellant's language. R. 19. He conceded that the words “didn’t excite [him] to fight.” R. 21.
The adjudication of delinquency is reversed and judgment rendered in favor of the appellant.
REVERSED AND RENDERED.
All Judges concur.