COBB, Judge.
This case was originally assigned to another judge on the Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
The appellant, T. W., a juvenile, was adjudicated a delinquent based upon a harassment charge, a violation of § 13A-11-8, Code of Alabama 1975. Four other charges had also been filed against the appellant, but he was found not guilty as to those charges. After finding that the appellant had committed the harassing acts, the juvenile court adjudicated the appellant to be delinquent, ordered him to be placed on indefinite probation, ordered him to pay $50 in fines, and ordered him to stay away from the victim’s family.
The facts adduced at the trial tended to establish the following. In May 1992, Mr. Ronald Witherspoon filed a charge alleging that the appellant had raped his 14-year-old *988 daughter. The rape charge was dismissed that same month. Mr. Witherspoon testified that the charge was dismissed because “the police lost some evidence” and he therefore could not pursue the^ charge against the appellant.
After the rape charge was dismissed, Mr. and Mrs. Witherspoon brought charges against the appellant alleging five separate incidents of disorderly conduct and harassment. Mr. Witherspoon testified that the first incident occurred on May 28,1992. Mr. Witherspoon stated that as he was driving home, he saw the appellant, who fives on the same street as the Witherspoons, walking toward his car. Mr. Witherspoon testified that as he approached the appellant, the appellant and an individual who was with him jumped into the road in an apparent attempt to block Mr. Witherspoon’s vehicle. The appellant moved out of the path of Mr. Wither-spoon’s vehicle when Mr. Witherspoon did not slow his vehicle, according to Mr. Wither-spoon. Mr. Witherspoon further testified that when he passed the appellant, he looked in his rearview mirror and saw that the appellant was making “beckoning gestures” and that the appellant “grabbed his crotch and began to shake it.”
Mr. Witherspoon further testified that on June 4, 1992, he arrived home from work, and as he got out of his ear, the appellant was walking in front of Mr. Witherspoon’s house. According to Mr; Witherspoon, as the appellant was passing his house, the appellant pointed a finger at Mr. Witherspoon and said, “Boom, boom, you’re dead.” Mr. Witherspoon stated that on each of these encounters with the appellant he felt threatened by the appellant. He testified that he believed the appellant’s animosity toward him was based on either his employment as a juvenile officer at family court or his fifing the rape complaint against the appellant.
Mrs. Carol Witherspoon testified that on May 27, 1992, when she and her daughter were driving along the street where they live, the appellant “grabbed his crotch and started shaking it” at them. Mrs. Witherspoon testified that on June 4, 1992, as she was driving home from work, the appellant stepped in front of her vehicle. She stated that when she did not come to a complete stop, the appellant jumped away from the vehicle to the side of her car and started screaming at her. Mrs. Witherspoon testified that she did not know what the appellant was screaming. Mrs. Witherspoon testified that she found the appellant’s actions “disturbing.”
The appellant testified and denied that he had done the things the Witherspoons described. The juvenile court held that the two occasions on which the appellant “grabbed his crotch” constituted harassment under § 13A-11-8, Code of Alabama 1975.
The sole issue presented for our review is whether the appellant’s “grabbing his crotch” constituted an “obscene gesture” prohibited by § 13A-11-S, Code of Alabama 1975.
Section 13A-11-8(b), Code of Alabama 1975, provides that a person commits the crime of harassment if, “with intent to harass ... another person, he ... makes an obscene gesture towards another person.” The term “obscene gesture” is also used in the disorderly conduct statute (§ 13A-11-7) and has been interpreted narrowly to apply to only those gestures made in conjunction with “fighting words,” or words that provoke physical retaliation and an immediate breach of the peace. Robinson v. State, 615 So.2d 112, 113 (Ala.Crim.App.1992); see also Skelton v. City of Birmingham, 342 So.2d 933, 936 (Ala.Crim.App.), remanded, 342 So.2d 937 (Ala.1976). “‘[W]ords may or may not be “fighting words,” depending upon the circumstances of their utterance.’ Lewis v. New Orleans, 415 U.S. 130 at 135, 94 S.Ct. 970 at 973, 39 L.Ed.2d 214 (1974) (Powell, J., concurring).”
[[Image here]]
“Moreover, ‘ “the test is what men of common intelligence would understand would be words likely to cause an average addressee to fight.” ’ Chaplinsky v. New Hampshire, 315 U.S. [568] at 573, 62 S.Ct. [766] at 770, 86 L.Ed. 1031 [1942]. See also Cohen v. California, 403 U.S. [15] at 20, 91 S.Ct. [1780] at 1785 [29 L.Ed.2d 284 (1971)], (defining ‘fighting words’ as ‘personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent re *989 action’) (emphasis added in B.E.S.). Clearly, this test ‘is an objective one.’ State v. Authelet [120 R.I. 42], 385 A.2d [642] at 649 [(1978)].” B.E.S. v. State, 629 So.2d 761, 764 (Ala.Crim.App.1993).
The gesture the appellant allegedly made is not purely conduct, rather, the gesture is, at least in part, a form of speech. However, it is not the type of speech entitled to protection by the First Amendment of the United States Constitution. The appellant had been charged with the rape of the With-erspoons’ daughter and the case had been dismissed only because the police allegedly lost some evidence. The appellant’s gesture could reasonably be interpreted by the With-erspoons as threat to molest their daughter again. Indeed, Mr. Witherspoon testified that he felt threatened and Mrs. Wither-spoon stated that she was “disturbed” by the gesture.
“ “What is a threat must be distinguished from what is constitutionally protected speech.’ ” Works v. State, 57 Ala.App. 373, 375, 328 So.2d 624, 625, cert. denied, 295 Ala. 429, 328 So.2d 626 (1976) (quoting Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969)). “Whether the threat be against the life of a president, or to bum the house of an ordinary citizen, the protection of the First Amendment does not extend to such conduct.” In this case, the threat was to sexually molest the Witherspoons’ daughter. The trial court’s decision finding that the appellant’s conduct constituted harassment was correct. Therefore, the adjudication of delinquency is affirmed.
AFFIRMED.
All the Judges concur except TAYLOR, P. J., who dissents with opinion.