TAYLOR, Presiding Judge,
dissenting.
I dissent from the majority’s holding that the appellant’s grabbing his crotch was a criminal act, specifically harassment, as that offense is defined in the harassment statute, § 13A-11-8, Code of Alabama 1975. This section provides:
“(a)(1) Harassment. — A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:
[[Image here]]
“b. Directs abusive or obscene language or makes an obscene gesture towards another person.”
While the action of the appellant was rude, ungentlemanly, loathsome, inappropriate, and offensive, I do not believe that the conduct amounted to an “obscene gesture” as that term is used in § 13A-11-8. This court has equated “obscene gesture” with “fighting words.” In Robinson v. State, 615 So.2d 112 (Ala.Cr.App.1992), we stated:
“ ‘A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he: ... b. Directs abusive or obscene language or makes an obscene gesture towards another person.’ Ala.Code 1975, § 13A-11-8(a)(1) (emphasis added [in Robinson ]). The words emphasized above are identical to those used in Section 13A-11-7(a)(3), Ala.Code 1975. See Shinault v. City of Huntsville, 579 So.2d 696 (Ala.Crim.App.1991) (Bowen, J., dissenting). This statute provides: ‘A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: ... 3) In a public place uses abusive or obscene language or makes an obscene gesture.’ Ala. Code 1975 § 13A-11-7(a)(3) (emphasis added [in Robinson ]). With reference to the disorderly conduct statute, the words ‘abusive or obscene language’ and ‘obscene gesture’ have been ‘interpreted narrowly to apply only to “fighting words.” ’ Swann v. City of Huntsville, 455 So.2d 944, 950 (Ala.Crim.App.1984). See also Mosley v. City of Auburn, 428 So.2d 165 (Ala.Crim. App.1982), superseded on other grounds, Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Crim.App.1987). ‘Fighting words’ are ‘those words which have a likelihood of causing a violent response by the person to whom they are addressed. They are words that by their very utterance provoke a swift physical retaliation and incite an immediate breach of the peace.’ Skelton v. City of Birmingham, 342 So.2d 933, 936-37 (Ala.Crim.App.), remanded, 342 So.2d 937 (Ala.1976). See also Swann. The words used by the alleged offender must *990 ‘“be calculated to cause an immediate breach of the peace. It is not enough ... they merely arouse anger or resentment.” ’ Swann, 455 So.2d at 950 (quoting Skelton, 342 So.2d at 937) (emphasis in original). Here, the language used by the appellant did not amount to ‘fighting words.’ There is no evidence that the statement made by the appellant was for the purpose of provoking physical retaliation or causing an immediate breach of the peace.”
615 So.2d at 113-14.
There was no evidence that the gesture had the same effect as fighting words in that there was no evidence that the gesture had the “likelihood of causing a violent response by the person to whom they [were] addressed.” Robinson, 615 So.2d at 114. Therefore, the appellant’s conviction for harassment should be reversed and a judgment rendered in his favor.
The majority opinion may set a dangerous precedent, opening new areas of conflict between notions of rudeness and vulgarity and the constitutional right of free speech. This opinion might well criminalize any movement by a person that included touching the genital area. Societal pressures, such as the overwhelming negative reaction to comedienne Roseanne Barr’s grabbing her crotch while singing the national anthem, should be sufficient to deter others from this type of offensive act in the future.