On October 16, 2002, Latonya Denise Miller was convicted of harassment, a violation of § 13A-11-8(a), Ala. Code 1975. The trial court ordered Miller to serve 30 days in jail, but suspended the sentence and ordered that Miller remain on probation for 1 year. Miller moved for a judgment of acquittal at the close of the city attorney's case-in-chief and at the close of all the evidence; both motions were denied. This appeal followed.
On appeal, Miller argues that her conviction should be overturned because the statements she made do not amount to "fighting words." In response to Miller's brief, the city attorney filed a letter with this Court stating that the City would not be filing a brief and that "the City of Fairhope agrees with the statement of facts and the statement of the case submitted by the appellant."
According to Miller's statement of facts, she called the victim a "bitch" as alleged in the complaint. The complaint states: "Latonya Denise Miller, did, with intent to harass, annoy or alarm Deborah Merritt, direct abuse or obscene language, to-wit: `You bitch, you got a red dress on like a damn devil. You're just a bitch, bitch, bitch.'" (C. 2.) These are the only facts provided to this Court on appeal.
 "What constitutes abusive or obscene language is dictated by the circumstances surrounding the utterance. R.I.T. v. State, 675 So.2d 97, 99
(Ala.Crim.App. 1995). In B.E.S. v. State, 629 So.2d 761
(Ala.Crim.App. 1993), this Court stated:
 "`In order to bring § 13A-11-8(a)(1)(b) within the range of constitutionally permitted legislation, we have held that the words "abusive or obscene language," as used in this statute, are to be "`interpreted narrowly to apply only to "fighting words."'" Robinson v. State, 615 So.2d 112, 113
(Ala.Cr.App. 1992) (applying Swann v. City of Huntsville, 455 So.2d 944, 950 (Ala.Cr.App. 1984), and Mosley v. City of Auburn, 428 So.2d 165, 166
(Ala.Cr.App. 1982), *Page 1141 
superseded on other grounds, Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Cr.App. 1987), wherein this Court had previously interpreted in the same manner the same words contained in § 13A-11-7(a)(3), the disorderly conduct statute). See also Shinault v. City of Huntsville, 579 So.2d 696, 699-700 (Ala.Cr.App. 1991) (Bowen, J., concurring in result).'
 "629 So.2d at 763. In Robinson v. State, 615 So.2d 112
(Ala.Crim.App. 1992), this Court stated:
 "`"Fighting words" are "those words which have a likelihood of causing a violent response by the person to whom they are addressed. They are words that by their very utterance provoke a swift physical retaliation and incite an immediate breach of the peace." Skelton v. City of Birmingham, 342 So.2d 933, 936-37 (Ala.Crim.App.), remanded [on other grounds], 342 So.2d 937 (Ala. 1976).'
"615 So.2d at 113.
 "In South v. City of Mountain Brook, 688 So.2d 292
(Ala.Crim.App. 1996), this Court noted:
 "`"`Fighting words' are `personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction.' Cohen v. California, 403 U.S. 15, 20, 91 S.Ct. 1780, 1785, 29 L.Ed.2d 284 (1971). The utterance itself must `tend to incite an immediate breach of the peace.' Chaplinsky v. New Hampshire, 315 U.S. [568,] 572, 62 S.Ct. [766,] 769 [(1942)]. See also Lewis v. City of New Orleans, 415 U.S. 130, 132, 94 S.Ct. 970, 972, 39 L.Ed.2d 214 (1974). `It is not enough that [the words] merely arouse anger or resentment,' Skelton v. City of Birmingham, 342 So.2d 933, 937 (Ala.Cr.App.), remanded on other grounds, 342 So.2d 937 (Ala. 1976), or that the words are deemed `a socially unacceptable mode of communication,' State v. Authelet, 120 R.I. 42, 385 A.2d 642, 649 (R.I. 1978). It is clear that the words must `by their very utterance provoke a swift physical retaliation and incite an immediate breach of the peace.' Skelton v. City of Birmingham, 342 So.2d at 936-37."'
 "688 So.2d at 295 (quoting B.E.S. v. State, 629 So.2d 761, 764 (Ala.Crim.App. 1993))."
Owens v. State, 848 So.2d 279, 280-81 (Ala.Crim.App. 2002).
Neither party has provided any information regarding the circumstances surrounding the statement, that is, whether it was privately or publicly uttered, whether it was screamed or whispered, whether it was accompanied by any threatening gestures, or whether it invoked any response from the victim. Therefore, based on the facts before us, the statement in question, as evaluated in a vacuum, while insulting and "`"a socially unacceptable mode of communication,"'" certainly was not "`"inherently likely to provoke violent reaction."'" Owens, supra (quoting Skelton v.City of Birmingham, 342 So.2d 933, 937 (Ala.Crim.App. 1976)).
For the reasons stated above, the judgment of the municipal court is due to be reversed and judgment rendered in favor of Miller.
REVERSED AND JUDGMENT RENDERED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur. *Page 1142