863 So.2d 132 (2003)
B.B.
v.
STATE of Alabama.
CR-01-2583.
Court of Criminal Appeals of Alabama.
April 25, 2003.
*133 Theresa Smith Dean, Opelika, for appellant.
William H. Pryor, Jr., atty. gen., and Marc A. Starrett, asst. atty. gen., for appellee.
WISE, Judge.
The appellant, B.B., appeals from the judgment of the Lee County Juvenile Court, adjudicating him delinquent based on an underlying charge of harassment, a violation of § 13A-11-8(a)(1)b., Ala.Code 1975. B.B. was placed on probation; this appeal followed.
The evidence tended to show the following. On December 4, 2001, B.B. became disruptive in his seventh-grade classroom. After repeatedly warning B.B. to discontinue his disruptive behavior, the teacher, Kerri Windham Kirkland,[1] removed B.B. from the classroom. Kirkland went to the classroom of fellow teacher Alice Tadlock and asked Tadlock to watch her class while she escorted B.B. to the office of the principal, Barbara Mitchell. While Kirkland was talking with Tadlock, B.B. threatened Kirkland, saying in an angry voice "Kill you, kill you."
After being escorted to Mitchell's office, B.B. admitted threatening Kirkland, but explained to Mitchell that he did not really mean that he would kill her. Mitchell placed B.B. in an outer office where he continued his disruptive behavior by throwing a desk across the room, saying, "I hate that teacher, I hate that teacher." When told by Mitchell that behavior of that nature would not be tolerated, B.B. responded that he did not care. As a result, police were called to the school and a written report was taken. On December 7, 2001, Mitchell signed the delinquency petition against B.B. based on his threats to Kirkland.
On September 5, 2002, the juvenile court conducted a hearing on Mitchell's petition and adjudicated B.B. delinquent. During the hearing Kirkland testified that she felt threatened by B.B.'s comment. She stated that she felt she was in danger during the incident and feared that B.B. would grab her at any moment. Because of her fear, she said, Kirkland removed herself from the situation by going into her classroom to write up B.B.'s office referral, while B.B. remained in the hall. Kirkland stated that she walked B.B. to the office a short time later but that she avoided any further confrontation with him. She also testified that she found B.B.'s statement to be insulting and disrespectful. Tadlock testified that she was present when B.B. made the threatening comment to Kirkland. She stated that B.B.'s behavior caused her *134 to be alarmed and concerned for Kirkland's welfare. (R. 8.) Tadlock testified that she was afraid that B.B. would strike Kirkland because he appeared to be so angry.
On appeal, B.B. contends that the trial court erred in adjudicating him delinquent because, he argues, his comment to Kirkland did not constitute "fighting words," as required for criminal liability under § 13A-11-8(a)(1)b., Ala.Code 1975. In support of this contention, B.B. cites to Conkle v. State, 677 So.2d 1211 (Ala.Crim. App.1995), and Owens v. State, 848 So.2d 279 (Ala.Crim.App.2002).
Section 13A-11-8(a)(1)b. provides, in pertinent part:
"(a)(1) Harassment. A person commits the crime of harassment if, with the intent to harass, annoy, or alarm another person, he or she either:
"....
"b. Directs abusive or obscene language or makes an obscene gesture towards another person."
Historically, this statute has been narrowly interpreted to apply only to those actions that, depending on the circumstances and context, constitute "fighting words." Miller v. City of Fairhope, 855 So.2d 1139 (Ala.Crim.App.2003).[2] See also Conkle v. State, 677 So.2d 1211 (Ala.Crim. App.1995); R.I.T. v. State, 675 So. 2d 97(Ala.Crim.App.1995); B.E.S. v. State, 629 So.2d 761 (Ala.Crim.App.1993). However, as this Court recently noted in Fallin v. City of Huntsville, 865 So.2d 473 (Ala. Crim.App.2003), nearly all of the cases in Alabama dealing with the "abusive or obscene language" provisions of § 13A-11-8 were authored before the 1996 amendment to the harassment statute, which added subsection (a)(2) to § 13A-11-8. Section 13A-11-8(a)(2) provides: "[F]or purposes of this section, harassment shall include a threat, verbal or nonverbal, made with intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety."
In Fallin, this Court held:
"In Conkle [v. State, 677 So.2d 1211 (Ala.Crim.App.1995)], this Court, with Presiding Judge Taylor and Judge Long filing special concurrences, Judge Patterson concurring in the result, and Judge Cobb dissenting, stated that the words `I'm going to get you, little girl. You're as good as dead,' spoken by the appellant from his car as he drove past the complainant, did not constitute harassment. Conkle, 677 So.2d at 1213. However, that case was decided before the 1996 amendment of the harassment statute by the Alabama Legislature.
"Indeed, Judge McMillan, who authored the opinion of the Court in Conkle, stated, `under current law in Alabama, a verbal threat alone, in circumstances that would not cause public disorder or unrest by being likely to start a fight, does not constitute an offense.' Conkle, 677 So.2d at 1219 (emphasis added [in Fallin]). Judge Long, in his special concurrence, stated:
"`I am troubled that our laws will countenance an intentional threat that places another person in reasonable fear for his or her safety. It seems *135 peculiar to me that while our anti-stalking law recognizes the real harm caused by a credible threat when made in conjunction with repeated following or harassing behavior, there is no law comprehending the harm caused by a credible face-to-face threat standing alone. See § 13A-6-90 et seq., Ala.Code 1975. Even more peculiar, under § 13A-8-11(b)(1), a communication by telephone or mail, made with the intent to alarm another person, is considered a criminal act. Thus, apparently it is illegal to threaten someone over the telephone, but perfectly legal to threaten to kill someone in person. This court, however, does not write the laws.'
"677 So.2d at 1219. Judge Cobb, in her dissent in Conkle, wrote, `If, upon further review, the majority remains successful, then the question of affording our citizenry protection from substantial threats of violence should be addressed by the Alabama Legislature as has been done in other states.' Conkle, 677 So.2d at 1220.
"We conclude that the Alabama Legislature, in enacting the 1996 amendment to the harassment statute, appears to have done exactly as several members of this Court in Conkle prevailed on it to do. The Alabama Supreme Court recognized this in Ex parte N.W., 748 So.2d 190, 193 (Ala.1999), as part of a discussion concerning whether harassment was a lesser offense to the offense of menacing. In a footnote, the Court stated:
"`We note that there is some ambiguity as to whether § 13A-11-8(a)(2) is merely a clarification of subsection (a)(1), requiring the prosecution to establish the elements of (a)(1), or is a completely separate definition of the offense, requiring only the establishment of the elements in (a)(2). Because only subsection (a)(1) contains the traditional language identifying the elements of a criminal offense"A person commits the crime of harassment if ..."we adopt the former construction for the purposes of this appellate review.'
"748 So.2d at 193 n. 3. Therefore, we hold that a person commits the crime of harassment if, with the intent to harass, annoy, or alarm another person, he or she strikes, shoves, kicks, or otherwise touches that person or subjects him or her to physical contact; directs abusive or obscene language or makes an obscene gesture towards that person; or makes a threat against that person, verbally or nonverbally, with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety. Thus, we conclude that, in certain situationsi.e., where the words or actions are manifested in the form of a threat a person may commit the crime of harassment even if the words do not rise to the level of `fighting words.'"
Fallin, 865 So.2d at 475-76.
Sadly, schools today have on occasion become lightning rods for violence. In light of the recent occurrences of school shootings, several jurisdictions have held that threatening comments made by a juvenile in a school setting did constitute harassment. See People ex rel J.P.L., 49 P.3d 1209, 1211 (Colo.Ct.App.2002)(statements made concerning a threat to "kill everybody" and references to killing students and teachers constituted harassment); State v. E.J.Y., 113 Wash.App. 940, 944, 55 P.3d 673, 675 (2002)(statements such as "go get my gun and do like Columbine" and other references to "Columbine" and "shooting" constituted harassment). In the instant case, B.B., a disruptive student, *136 threatened to kill Kirkland, his teacher. Kirkland testified that she felt "threatened" and "in danger" and that she removed herself from the area out of fear that B.B. would grab her. Another teacher described B.B. as being very angry during the incident. She testified that B.B. uttered the words "Kill you, kill you" to Kirkland through clenched teeth. The school principal testified that B.B. appeared to be very angry when he was brought to her office and that he threw a desk across the room stating, "I hate that teacher, I hate that teacher." Here, as in Fallin, this Court is once again faced with the type of situation the Alabama Legislature contemplated when it drafted the 1996 amendment to § 13A-11-8. Although it is undisputed that B.B. made no attempt to strike or grab Kirkland, nor is there any evidence that B.B. had the means with which to act upon his threat, the evidence presented clearly satisfied the elements of harassment under § 13A-11-8.[3]
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur. *1066
NOTES
[1] It appears that the victim married during the course of the proceedings and that certain portions of the record refer to Kirkland by her maiden name, Kerri Windham.
[2] Fighting words have been interpreted to be "`"personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction" Cohen v. California, 403 U.S. 15, 20, 91 S.Ct. 1780, 1785, 29 L.Ed.2d 284 (1971).'" South v. City of Mountain Brook, 688 So.2d 292, 295 (Ala. Crim.App.1996) (quoting B.E.S. v. State, 629 So.2d 761, 764 (Ala.Crim.App.1993)).
[3] We note here, as we did in Fallin, that the fact that the complaint did not specifically list § 13A-11-8(a)(2) as the statute being violated is not fatal because subsection (a)(2) is merely considered a clarification of subsection (a)(1) and does not set out a separate offense. See Ex parte N.W., 748 So.2d 190 (Ala.1999).