McMILLAN, Judge.
The appellant, C.P., appeals from the trial court’s order adjudicating him delinquent based on a petition charging him with harassment, a violation of § 13A-11 -8(a)(1)(b), Ala.Code 1975. He was placed on supervised probation.
The State’s evidence tended to show the following: The complainant, C.F., a 13-year-old female, and C.P., a 13-year-old male, were in the same 7th grade class at D.A. Smith Middle School in Ozark. On April 27, 2006, C.F. and her friend, A.M., were waiting near the classroom door for the last bell to ring dismissing school. While they were waiting, C.P. approached C.F. and told her to “blow [him].” C.F. testified that C.P.’s statement made her “uncomfortable.” Additionally, she testified that she was “[k]ind of shocked and kind of dismayed a little bit.” C.F. testified that although C.P. was close enough to touch her, he did not touch her. C.F. did not testify regarding any obscene gestures made by C.P. toward her. She further testified that no other classmate, other than A.M., heard the statement because everybody was engaged in their own private conversations.
C.F. testified on cross-examination that she did not report the incident to her teacher because “we told the teacher before and nothing [had] happened.” She testified that she told her mother, who reported the incident to the teacher. C.F. further testified that she was not afraid of C.P. at the time he made the statement.
A.M. testified that she was standing with C.F. when C.P. approached C.F., and he “was making gestures to [C.F.,] saying blow me, and making comments.” She testified the gesture included “flipfing] a pen and, you know, like — you know, like head or something.” She also testified *1068 that she felt “uncomfortable.” She testified that after C.P. made the statement, he went and sat down at his desk. She and C.F. continued talking.
After the State rested and after C.P. presented his defense denying that he made the statement, C.P. moved for a judgment of acquittal, arguing that the State had failed to prove a prima facie case because, he said, the words “as submitted [did] not amount to fighting words.” The State responded that the complainant was made to feel uncomfortable and was upset by the words spoken to her and that that was sufficient to make a prima facie case as being annoyed or alarmed. The trial court then denied the C.P.’s motion.
C.P. contends the trial court erred in denying his motion for a judgment of acquittal. Specifically, he argues that the motion should have been granted because, he says, his statement did not constitute “fighting words” and, therefore, could not support a conviction for harassment.
The delinquency complaint charged C.P. with “violating § 13A-ll-8(a), Ala.Code 1975, by directing abusive or obscene language, or making an obscene threat, toward another person, [C.F.].” Section 13A-11-8, Ala.Code 1975, provides:
“(a)(1) A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she either:
“a. Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.
“b. Directs abusive or obscene language or makes an obscene gesture towards another person.
“(2) For purposes of this section, harassment shall include a threat, verbal or nonverbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety.
“(3)Harassment is a Class C misdemeanor.”
Historically, § 13A-11-8 has been narrowly interpreted to apply only to those actions that, depending on the circumstances and context, constitute “fighting words.” Miller v. City of Fairhope, 855 So.2d 1139 (Ala.Crim.App.2003)(reference to victim as “bitch” did not support conviction under harassment statute, which required use of abusive or obscene language that could be construed as “fighting words”); Owens v. State, 848 So.2d 279 (Ala.Crim.App.2002)(reference to victim’s terminally ill family member as a “churchgoing hypocrite” soon going to “bust the gate of hell wide-open” did not constitute fighting words); Conkle v. State, 677 So.2d 1211 (Ala.Crim.App.1995); R.I.T. v. State, 675 So.2d 97 (Ala.Crim.App.1995); B.E.S. v. State, 629 So.2d 761 (Ala.Crim.App.1993) (direction to juvenile victim during private quarrel “to shut the f_up” did not constitute fighting words). “[Fighting words] are words that by their very utterance provoke a swift physical retaliation and incite an immediate breach of the peace.” Skelton v. City of Birmingham, 342 So.2d 933, 936-37 (Ala.Crim.App.), remanded on other grounds, 342 So.2d 937 (Ala.1976). The words “ ‘must be sufficiently offensive to raise a probability of physical retaliation by the addressee or someone acting in his interest.’ ” B.E.S., 629 So.2d at 765, quoting A.L.I. Model Penal Code § 250.4 at 365-66 (1980).
A majority of the cases dealing with a violation of the harassment statute based on abusive or obscene language were authored before the Alabama Legislature 1996 amended the harassment statute to add subdivision (a)(2). In applying the 1996 amendment to the harassment statute, this Court in Fallin v. City of Hunts *1069 ville, 865 So.2d 473, 476 (Ala.Crim.App.2003), held that “[WJhere the words or actions are manifested in the form of a threat — a person may commit the crime of harassment even if the words do not rise to the level of ‘fighting words.’ ” (Emphasis added.) The Fallin Court explicitly noted, however, that the “abusive or obscene language must still amount to ‘fighting words’ in those situations where the language is merely offensive or distasteful, but does not constitute a threat.” Id.
The delinquency complaint charged C.P., not only with harassment based on abusive or obscene language, but also with “making an obscene gesture or threat, toward another person.” (Emphasis added.) Because there was no evidence presented indicating that the complainant felt threatened by C.P.’s statement or by his presence in the classroom, § 13A-11-8(2), Ala. Code 1975, is not applicable to the facts of this case. Cf. Fallin v. City of Huntsville, supra (evidence of verbal threats and threatening conduct of cheerleader’s father toward cheerleading coach was sufficient to support harassment statute, even though his words did not constitute “fighting words”); B.B. v. State, 863 So.2d 132 (Ala.Crim.App.2003)(juvenile adjudicated delinquent for threatening his teacher with language, “Kill you, kill you”). Therefore, the words “blow me” must rise to the level of fighting words in order to satisfy the requirement of § 13A-ll-8(a)(l)(b); specifically, those particular words uttered by C.P. to C.F. must be such as to reasonably have “provoke[d] a swift physical retaliation and incite[d] an immediate breach of the peace.” Skelton, 342 So.2d at 936-37.
The circumstances surrounding C.P.’s statement indicate the statement was made in a crowded classroom, and not one-on-one in an abandoned school hallway. In fact, the complainant testified that she did not feel threatened by C.P.’s physical presence. Moreover, the statement was uttered to C.F. in a relatively private manner, overheard only by her friend, who was standing next to her. The statement did not invoke any type of immediate response from the complainant, including a simple alert to her teacher. The evidence presented by the State revealed that the complainant was, at worst, made to feel “uncomfortable and dismayed.”
Based on the facts of this particular case, the statement in question — although rude, inappropriate, and socially unacceptable to most individuals — was not inherently likely to invoke a swift and violent response by the complainant. Although we do not condone C.P.’s statement, the statement, without more, simply does not rise to the level of “fighting words” as required by relevant caselaw.
Because C.P.’s statement to C.F. did not amount to “fighting words,” his adjudication of delinquency is reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.